UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHARLES BROOKS,

                Plaintiff,

      -against-                                  9:14-CV-0477 (LEK/RFT)

MICHAEL HOGAN, *et al.*,

                Defendants.

## DECISION and ORDER

**I. INTRODUCTION**

This civil rights action comes before the Court following a Report-Recommendation filed on January 13, 2015, by United States Magistrate Judge Randolph F. Treece, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 13 ("Report-Recommendation"). *Pro se* Plaintiff Charles Brooks ("Plaintiff") timely filed Objections. Dkt. No. 16 ("Objections"). For the following reasons, the Report-Recommendation is adopted in its entirety.

**II. STANDARD OF REVIEW**

When a party makes a timely objection to a Report-Recommendation, it is the duty of the Court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## III. DISCUSSION

Liberally construed, Plaintiff objects to that portion of the Report-Recommendation finding certain allegations in the Complaint barred under New York's three-year statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. See Objs. at 12;[1] see also Report-Rec. at 6-8.

Plaintiff first argues that his allegations concerning events in November 2009 and February 2011 are timely because they were addressed in a letter from the New York Office of Mental Health ("OMH") dated May 20, 2011. Objs. at 12. Plaintiff asserts that "[t]he dates of May 2, 2011 thru to April 25, 2014 demonstrates there is time available to plaintiff, and that he (plaintiff) was well within the statute of limitations [sic]." Id. However, Plaintiff's argument that the statute of limitations did not begin to run until he received the OMH letter is misguided. "The claim accrues when the plaintiff knows or has reason to know of the harm." Connoly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001). Plaintiff does not dispute that he knew of the harm concerning the November 2009 and February 2011 events well before the three year cut-off of April 18, 2011.[2] See generally Objs. Accordingly, Plaintiff has failed to show that these allegations are not barred by the applicable three-year statute of limitations.

Plaintiff next argues, in the alternative, that the statute of limitations should be tolled because he believed that he could not file the Complaint until he had exhausted administrative remedies. Objs. at 7, 12. Although Plaintiff is correct that a prisoner must exhaust administrative

---

[1] The pagination corresponds to the page numbers assigned by ECF.

[2] Under the "prison mailbox rule," Plaintiff is deemed to have filed his Complaint on April 18, 2014. See Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001).

2

remedies before commencing an action pursuant to § 1983, see 42 U.S.C. § 1997e(a), he has nonetheless failed to offer any argument as to why the applicable statute of limitations should be tolled in this case. Indeed, Plaintiff appears to assert that he exhausted administrative remedies in May 2011, when he received the OMH letter, yet fails to offer any reason why he did not file his Complaint until nearly three years later. Accordingly, the Court finds no basis on which to toll the three-year statute of limitations.

Plaintiff's remaining objections are either conclusory or irrelevant. Accordingly, the Court reviews the remainder of the Report-Recommendation for clear error and finds none.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 13) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 3) for a preliminary injunction is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED in part** as to all claims that do not fall within the three-year statue of limitations, consistent with the Report-Recommendation (Dkt. No. 13); and it is further

**ORDERED**, that Defendants Richard Miraglia, Terri Maxymillian, Kyle Velte, Charmaine Bill, Jennifer Yemma, Antonia Bell, and Daniel Wigginton are **DISMISSED**; and it is further

**ORDERED**, that Defendants Jerome Allen, Hans Kunz, David Parrish, Laura Creaser-Smith, Nicholas Hollenbeck, Elizabeth Farnum, Michael Hogan, Jeff Nowicki, Anthony Gonzalez, and Donald Sawyer shall respond to Plaintiff's First and Fourteenth Amendment claims of

excessive force, retaliation, and failure to train, supervise, and/or protect, in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk issue summonses for the remaining Defendants and forward them, along with copies of the Complaint (Dkt. No. 1), to the United States Marshal for service upon those Defendants. The Clerk shall also forward a copy of the summons and Complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of the Report-Recommendation (Dkt. No. 13) and this Decision and Order; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket**. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; failure to do so will result in the dismissal of this action**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: February 23, 2015
Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge