UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHARLES BROOKS,

                Plaintiff,

      -against-                                    9:14-cv-0477 (LEK/DJS)

MICHAEL HOGAN, *et al.*,

                Defendants.

**DECISION and ORDER**

**I.    INTRODUCTION**

Presently before the Court is *pro se* Plaintiff Charles Brooks' ("Plaintiff") Motion for reconsideration of the Court's Decision and Order dated February 23, 2015. Dkt. Nos. 17 ("February Order"); 28 ("Motion for Reconsideration"). The February Order approved and adopted in its entirety a Report-Recommendation filed on January 13, 2015, by United States Magistrate Judge Randolph F. Treece, which recommended that Plaintiff's untimely claims be dismissed, resulting in the dismissal of seven Defendants, and that Plaintiff's Motion for a preliminary injunction be denied. Feb. Order; Dkt. No. 13 ("Report-Recommendation"). For the following reasons, Plaintiff's Motion for reconsideration is granted in part and denied in part.

**II.    LEGAL STANDARD**

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Thus, reconsideration "should not be granted where the moving party seeks solely to

relitigate an issue already decided." Id. at 257. Accordingly, a court should generally refrain from revising its earlier decisions "unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (quoting Virgin Atl. Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

### III. DISCUSSION

Plaintiff's Motion for reconsideration, construed liberally, challenges the Court's dismissal of untimely claims because the statute of limitations should be equitably tolled either based on exhaustion of administrative remedies or due to a lack of access to the courts. See Mot. Recons. at 7-8. Plaintiff does not sufficiently plead facts specific to him as to whether he had access to legal research tools. Instead, he relies on cases that are either factually irrelevant or were unsuccessful. E.g., Brown v. Hogan, No. 07-CV-842, 2009 WL 3756595 (N.D.N.Y. Nov. 6, 2009) (granting full summary judgment to defendants in access to the courts suit).

However, Plaintiff's arguments regarding exhaustion require a closer look. The Second Circuit has held that the mandatory exhaustion requirement imposed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, must equitably toll the § 1983 statute of limitations while the plaintiff is actively exhausting remedies. Gonzalez v. Hasty, 651 F.3d 318, 323 (2d Cir. 2011).[1] Active exhaustion simply means that the tolling does not begin until administrative

---

[1] While Plaintiff is not incarcerated at a prison, the Court has held in the past, in the absence of binding precedent from higher courts, that confinement at the Central New York Psychiatric Center ("CNYPC") qualifies a plaintiff as a prisoner subject to the requirements of the PLRA. McQuilkin v. Cent. N.Y. Psychiatric Ctr., No. 08-CV-975, 2010 WL 3765847, at *10 (N.D.N.Y. Aug. 27, 2010), adopted, 2010 WL 3765715 (Sept. 20, 2010). Therefore, Plaintiff will also receive

exhaustion commences. Id. at 322 n.2. As stated in the Report-Recommendation, a dismissal based on the statute of limitations, an affirmative defense, on the face of a complaint alone is only "appropriate when the facts supporting the statute of limitations defense are set forth in the papers that the plaintiff submits." Rep.-Rec. at 7-8. Plaintiff has pleaded significant facts concerning exhaustion in his Complaint. Dkt. No. 1 ("Complaint") ¶¶ 25-36.[2] Therefore, if Plaintiff pleads facts that bring untimeliness into question, the Court must allow those claims to survive at this early stage.[3]

Plaintiff raises six incidents in his Complaint that were deemed time-barred in the Report-Recommendation: (1) medical record disclosure by Jennifer Yemma ("Yemma"), Antonia Bell ("Bell"), and Jerome Allen ("Allen") sometime in November 2009, (2) medical record disclosure by Dr. Roy Aranda ("Aranda") occurring sometime before February 15, 2011, (3) retaliation by Bell on August 18, 2010, (4) deliberate indifference relating to a September 8, 2010 incident, (5) medical record disclosure by Kyle Velte ("Velte") on March 14, 2011, and (6) retaliation by Terri Maxymillian ("Maxymillian") on March 31, 2011. Id. ¶¶ 37-41. Plaintiff has pleaded facts that

---

the benefit of the tolling rule for exhaustion.

[2] While these facts are not reiterated in either Plaintiff's Objections to the Report-Recommendation, Dkt. No. 16, or his Motion for reconsideration, they are referenced repeatedly in these two documents. As such, subsequent citations will be made directly to the Complaint.

[3] Plaintiff notes in his Complaint that "there is 'NO'[grievance] process available here at CNYPC." Compl. at 15. However, given that Plaintiff appears to have made a diligent effort to pursue his complaints, id. ¶¶ 25-36, and given that the tolling recognized in Gonzalez is framed as equitable in nature, 615 F.3d at 323, Plaintiff's tolling arguments will be considered as if a formal grievance structure were in place.

It should also be noted that since this is before the Court on a Motion for reconsideration, an absence of facts from Plaintiff to support equitable tolling will not be sufficient to raise a question of timeliness.

show that the statute may have been tolled for a sufficient period of time to allow the first claim, first delivering a letter to Charmaine Bill ("Bill") sometime in November 2009 and not receiving a final determination until May 4, 2011. Id. ¶¶ 25, 32. Plaintiff's final administrative decision was issued less than three years from the April 18, 2014 filing date of the Complaint.[4] Since it is unclear whether Plaintiff filed his grievance with Bill within sixteen days of the incident, id. ¶ 25, the Court will not dismiss this claim as untimely at this time.[5] Additionally, Plaintiff initiated a grievance procedure the day of his incident with Velte, and that grievance was not resolved until May 4, 2011. Id. ¶¶ 31-32. This claim is clearly timely and thus also survives at this time.

However, the only other exhaustion Plaintiff raises regarding these six claims is a complaint against Bell for the August 18, 2010 incident, which was resolved by November 22, 2010. Id. ¶ 30. This is an insufficient period of tolling to make Plaintiff's Complaint timely with regard to this incident, as November 22, 2010 is still more than three years before the filing date of the Complaint. As such, this claim is deemed untimely. And due to the lack of tolling pleaded with respect to the second, fourth, and sixth incidents above, the Court does not find any basis to reconsider the dismissal of those claims.

With respect to the two claims that are not necessarily untimely, the Court finds that it must reconsider the June Order to correct a clear error and prevent a manifest injustice. Color Tile, 322

---

[4] The Report-Recommendation, out of an abundance of caution, deemed the date on the Complaint, April 18, 2014, to be the date that the Complaint was filed pursuant to the prison mailbox rule. Rep.-Rec. at 7 & n.7. The Court will adopt this as the date of filing for purposes of this analysis.

[5] The Report-Recommendation also noted that Plaintiff did not discover certain elements of this claim until early 2011. Rep.-Rec. at 7. While under this theory, tolling may also serve to make the claim timely, the Court does not need to reach that question given that Plaintiff has pleaded sufficient administrative exhaustion to make this claim independently timely.

4

F.3d at 167. However, Plaintiff is advised that the finding that those claims are not necessarily untimely does not draw any conclusions about the merits of those claims. In fact, given the uncertainty regarding some of the dates attached to the November 2009 claim, this is not a finding that that claim is necessary timely. Plaintiff is further advised that the two new surviving claims will be subject to the review procedures outlined in 28 U.S.C. §§ 1915 and 1915A.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 28) for reconsideration of the Court's December Order is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED**, that the Court's Order (Dkt. No. 17) adopting the Report-Recommendation (Dkt. No. 13) in full is **VACATED**; and it is further

**ORDERED**, that the Report-Recommendation (Dkt. No. 13) is **ADOPTED** with respect to the Motion (Dkt. No. 3) for preliminary injunction and the claims arising out of the August 18, 2010 retaliation incident, the September 8, 2010 incident, the 2011 disclosure of medical records, and the March 31, 2011 retaliation incident; and it is further

**ORDERED**, that the Report-Recommendation (Dkt. No. 13) is **REJECTED** insofar it recommends dismissing claims arising out of the November 2009 disclosure of medical records and the March 14, 2011 disclosure of medical records; and it is further

**ORDERED**, that the Clerk of the Court refer this action to U.S. Magistrate Judge Daniel J. Stewart for an initial review of the November 2009 and March 14, 2011 claims pursuant to 28 U.S.C. §§ 1915 and 1915A and for further proceedings; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all

5

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    March 15, 2016
          Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge