**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHARLES BROOKS,

                    Plaintiff,

          - v -                                    Civ. No. 9:14-CV-0477
                                                                    (LEK/DJS)

MICHAEL HOGAN, *et al.*,

                    Defendants.

**DANIEL J. STEWART**
**United States Magistrate Judge**

## ORDER

      Presently before the Court is Plaintiff's Motion to Compel Defendants Farnum, Smith-Creaser, Allen, Hollenbeck, and Kunz to provide "complete and full answers" to certain Interrogatories that were propounded to them. Dkt. No. 87. Defendants oppose Plaintiff's Motion to Compel. Dkt. No. 91. A telephone conference was held, on the record, on April 20, 2017, wherein all parties appeared and had a full opportunity to present their respective positions. I issued a decision on the record, in which, after applying the requisite legal standards, I **granted in part and denied in part** the Motion pending before the Court. I also provided further detail regarding my reasoning and addressed the specific issues raised by the parties.

      After due deliberation, and based upon the Court's oral decision, which is incorporated in its entirety by reference herein, it is hereby,

      **ORDERED**, that Plaintiff's Motion to Compel (Dkt. No. 87) is **GRANTED in part and DENIED in part** as follows:

### I. Defendant Elizabeth Farnum

(A) Interrogatories ## 6 and 7 inquire whether Defendant Farnum observed Plaintiff assaulting staff, and seeks the names of any staff claiming to have been assaulted by him. In her response, Defendant Farnum indicates that she did witness Plaintiff struggle violently with staff members, and that she believed Defendant Allen had told her that Plaintiff lunged at him in a threatening manner. Dkt. No. 87-1 at p. 5. The Court finds that these answers are responsive to the Interrogatories, and therefore **denies** the Plaintiff's Motion to Compel a different response.

(B) Interrogatories ## 13 and 17 request a generalized summary of the behavior that would warrant the transfer of patients to Unit-102, as well as a list of residents of the facility who are alleged to have physically assaulted staff but who were not compelled to consume psychotropic medication. Dkt. No. 87-1, at pp. 7-8. Defendant Farnum objects to these Interrogatories upon the grounds that the information is not relevant to the Plaintiff's claims, and also that it would call for disclosure of other patients' medical and psychiatric history. The Court agrees and notes that the specific issue in the case to be resolved involves an alleged excessive use of force against the Plaintiff on January 8, 2012, and the request for information concerning other patients, or generalized protocol for transfer of patients to a specific unit, is not proportionally relevant to the needs of this particular case and would impact privacy concerns of individuals are not parties to the action. Accordingly the Court **denies** Plaintiff's Motion to Compel a response to these two specific interrogatories.

### II. Defendant Laura Smith-Creaser

(A) By Interrogatories ## 5 & 11, Defendant Smith-Creaser was asked about the exact time when she was notified that the Plaintiff was to be placed in the "Restraint-Seclusion-Sideroom" and further, the

name of any staff member that informed her that the Plaintiff had assaulted them or other staff. Dkt. No. 87-1, at pp. 14-16. In response, Defendant Smith-Creaser indicated that she could not recall the exact time, but she was on her way to lunch when it occurred and she was not present at the time of the alleged assault. *Id.* In addition, she believes that Defendants Allen, Kunz, and Parrish informed her that Plaintiff had raised his hands and approached Defendant Allen in a threatening manner. *Id.* While the Plaintiff objects to these responses because he believes that the answers are inconsistent with other documentary evidence that he has, and his own personal recollection, the Court finds that the answers are complete and therefore **denies** the Motion to Compel the Defendant to provide a different or alternate answer.

### III. Defendant Jerome Allen

(A) Plaintiff objects to Defendant Allen's responses to Interrogatories ## 11 and 12. These Interrogatories generally request the Defendant's knowledge concerning the procedure for placement in the "Restraint-Seclusion-Sideroom." *See* Dkt. No. 87-1, at pp. 26-27. Defendant Allen's response consists of a reference to the formal seclusion/restraint policy of the facility, which was attached to the Interrogatories as an Exhibit. *Id.*; *see also* Dkt. No. 91-1. While the Court agrees that reference to the policy is appropriate in connection with these responses, the Court directs that the responses be supplemented so as to indicate whether Defendant Allen had knowledge of the seclusion/restraint policy at the time of the incident, and generally what the Defendant's understanding was regarding the appropriateness of leaving a resident alone and/or unattended while restrained. To this limited extent, the Plaintiff's Motion to Compel is **granted** and Defendant shall provide a supplemental response within twenty-one days of the filing date of this Order and shall file a status report on the Docket.

### IV. Defendant Nicholas Hollenbeck

(A) Interrogatory # 14 requests that the Defendant Hollenbeck identify whether he has ever been accused of previously assaulting any CNYPC-SOTP resident. Dkt. No. 87-1, at p. 50. Defendant objects. *Id.* The Court notes that there presently is no claim for failure to train or supervise Defendant Hollenbeck, or any supervisory § 1983 claim. Rather, Plaintiff indicates that he needs such evidence as "character evidence." The Court agrees that such evidence is only tangentially related to the Plaintiff's present claims, and therefore it will not require the Defendant to respond to this particular Interrogatory. However, and as noted hereinafter, the Court is directing that the personnel files of certain Defendants, including Defendant Hollenbeck, be provided to Chambers for an *in camera* review.

### V. Defendant Hans Kunz

(A) Plaintiff objects to Defendant Kunz's responses to Interrogatories ## 2, 3, 5, 6, 7, 8, 9, 10, and 11. *See* Dkt. No. 87-1 at pp. 34-37. The Court notes that Defendant Kunz, in fact, responded to Interrogatories ## 3, 5, 8, and 9, and therefore Plaintiff's request to compel a different response is **denied.** Interrogatories ## 2, 10, and 11 request information that, if it exists, would be contained in the Defendant's personnel file. *Id.* Because the Court is going to review Defendant Kunz's personnel file *in camera*, he is not required to respond to these Interrogatories. As to Interrogatories ## 6 and 7, the Plaintiff maintains that he is aware of Defendant Kunz's DWI conviction. The Court will only require the Defendant to respond to whether he has a felony conviction, and need not respond to the remaining aspects of Interrogatories ## 6 and 7.

And it is further

**ORDERED**, that on or before May 22, 2017, Defendants shall produce the personnel files of

Defendants Allen, Hollenbeck, Kunz, and Parrish to the Court for an *in camera* review; and it is further

**ORDERED**, that all pre-trial deadline have expired and upon compliance with this Order, the case shall be deemed trial ready.[1]

Pursuant to FED R. CIV. P. 72(a), the parties have fourteen (14)[2] days within which to file written objections to the foregoing discovery order. Such objections shall be filed with the Clerk of the Court. As specifically noted in Rule 72(a) "[a] party may not assign as error a defect in the order not timely objected to."

**SO ORDERED**.

Date: April 26, 2017
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] During the conference, Plaintiff orally renewed his request for Court appointed counsel. Plaintiff was advised at that time that upon compliance with this Order, the case would be deemed trial ready and his request for counsel shall be addressed in due course.

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).