UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES BROOKS,

                            **Plaintiff,**

  vs.                                                9:14-cv-477
                                                                      (MAD/DJS)

ELIZABETH FARNUM, *et al.*,

                            **Defendants.**

_____

**APPEARANCES:**                               **OF COUNSEL:**

**CHARLES BROOKS**
C26223
Post Office Box 300
Marcy, New York 13403
Plaintiff *pro se*

**SCHILLER, KNAPP LAW FIRM**     **JOHN MICHAEL DUBUC, ESQ.**
950 New Loudon Road
Suite 109
Latham, New York 12110
Stand-By Counsel for Plaintiff

**OFFICE OF THE NEW YORK**       **JOSHUA E. MCMAHON, ESQ.**
**STATE ATTORNEY GENERAL**    **SHANNON COLLIER KRASNOKUTSKI, ESQ.**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

    On April 25, 2014, Plaintiff commenced this action asserting claims arising out of his civil

commitment at the Central New York Psychiatric Center ("CNYPC"). *See generally* Dkt. No. 1.

In his remaining claims under 42 U.S.C. § 1983, Plaintiff alleges that, on January 8, 2012, Defendants Allen, Hollenbeck, Kunz, and Parrish used excessive force in violation of the Fourteenth Amendment, Defendants Farnum and Smith-Creaser failed to intervene and protect Plaintiff in violation of the Fourteenth Amendment, and Defendant Allen retaliated against Plaintiff's filing of a grievance with the use of excessive force in violation of the First Amendment. *See id.*

Currently before the Court are the parties' pre-trial motions *in limine*. In their motion, Defendants argue that they should be permitted to introduce the following evidence: (1) Plaintiff's criminal history for the purposes of impeachment; and (2) Plaintiff's disciplinary history while in the custody of the Department of Corrections and Community Supervision ("DOCCS") and Plaintiff's Office of Mental Health ("OMH") records. *See* Dkt. No. 156. In his motion, Plaintiff seeks preclusion of the same evidence. *See* Dkt. No. 114.

For the reasons set forth below, the motions are granted in part and denied in part.

## II. DISCUSSION

### A.   Motions *in limine*

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is

"free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41–42.

B.      **Plaintiff's DOCCS Disciplinary History and Office of Mental Health Records**

Defendants argue that evidence of Plaintiff's disciplinary records from DOCCS and OMH records should be admitted because this evidence is relevant and admissible at trial. *See* Dkt. No. 156 at 4. Defendants allege that they "do not intend to introduce his disciplinary and psychiatric records to attack his credibility; rather, Defendants contend that these records demonstrate that Defendants' conduct was entirely proper." *Id.* Plaintiff argues that this evidence is irrelevant, unduly prejudicial, inadmissible for impeachment under Rules 608(b) and 609 of the Federal Rules of Evidence, and inadmissable as character evidence. *See* Dkt. No. 114 at 4–28.

Federal Rule of Evidence 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove
> the character of a person in order to show action in conformity
> therewith. It may, however, be admissible for other purposes, such
> as proof of motive, opportunity, intent, preparation, plan,
> knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).

In *James v. Tilghman*, 194 F.R.D. 402 (D. Conn. 1999), the plaintiff, an inmate, brought suit alleging violations of his Eighth and Fourteenth Amendment rights. *See id.* at 403-04. Prior to trial, the plaintiff moved to limit the defendants' introduction of details regarding the plaintiff's prior convictions and to bar all evidence of his disciplinary history at trial. *See id.* at 404. In ruling on the motion, the district court held that the plaintiff's disciplinary history would be admissible only

3

> "[t]o the extent that [defendants'] conduct may have been affected
> by what the defendants reasonably could believe about the plaintiff's
> propensities ... Evidence of the plaintiff's past ... disciplinary
> history on any other basis would not only be irrelevant but under
> Rule 403 should be excluded because its probative value would be
> substantially outweighed by the danger of unfair prejudice."

*Id.* at 406 (quotation and other citations omitted). Although the court found that some of the disciplinary charges that the plaintiff had been found guilty of may be admissible at trial, the court found that it simply lacked sufficient information, prior to trial, to rule on the admissibility. *See id.*; *see also Guzman v. Kelly*, No. 88 CV 1391, 1996 WL 722005, *2 (W.D.N.Y. Dec. 11, 1996) (harmless error to have admitted plaintiff's prior prison disciplinary record); *Young v. C.O. Calhoun*, No. 85 CIV. 7584, 1995 WL 169020, *5–6 (S.D.N.Y. Apr. 10, 1995) (court did not have sufficient evidence to rule *in limine* on admissibility of plaintiff's disciplinary record).

In the present matter, the Court lacks sufficient information to rule on the admissibility of Plaintiff's disciplinary history while in the custody of DOCCS or OMH. As neither party has submitted any details with respect to the contents of these records, the Court is unable to determine whether the evidence is of sufficient probative value. Accordingly, the Court reserves on this issue.

### C. Plaintiff's Criminal Convictions

Defendants argue that evidence of Plaintiff's criminal convictions, including the facts of the crime, the nature of the offense, its date, and the sentence imposed, is admissible at trial for impeachment purposes under Rule 609 of the Federal Rules of Evidence. *See* Dkt. No. 156 at 3–4. According to Defendants, Plaintiff served an eight year sentence in prison, and "[p]rior to his release in October of 2005, it was determined that Plaintiff was to be civilly confined under

4

Article 10 of the Commitment Law because he represented a significant danger to himself or others. Plaintiff continues to be confined under Article 10 at present." *Id.*

Plaintiff argues that evidence of his criminal convictions is irrelevant, unduly prejudicial, inadmissible for impeachment under Rules 608(b) and 609 of the Federal Rules of Evidence, and inadmissable as character evidence. *See* Dkt. No. 114 at 4–10, 25–28.[1]

Rule 609 of the Federal Rules of Evidence vests broad discretion in the district court to admit or exclude evidence of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Rule 609(a) provides that:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> > (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> >
> > (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Fed. R. Evid. 609(a).

"The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is

---

[1] As Defendants state that evidence of Plaintiff's conviction for burglary and sexual abuse will be used only for the purposes of impeachment at this time, and they are reserving the right to argue the admissibility of the same evidence under Rules 608 and 404(b) of the Federal Rules of Evidence, the Court is reserving to rule on these grounds. *See* Dkt. No. 156 at 3 n.1. At this time, the Court's decision relates only to the admissibility of Plaintiff's criminal convictions for impeachment purposes.

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted). In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States. v. Hayes*, 553 F.2d 820, 828 (2d Cir. 1977)) (other citation omitted). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)). "[C]rimes of violence generally have limited probative value concerning the witness's credibility' and . . . theft 'crimes have greater impeachment value[.]'" *Estrada*, 430 F.3d at 618 (quotation omitted).

The Court finds that Plaintiff's previous convictions for second degree burglary and first degree sexual abuse meet the requirements of Rule 609(a)(1) and are not subject to the limit set forth in Rule 609(b) for convictions ten years or older (as Plaintiff continues to be confined under Article 10 of the Commitment Law following his release from DOCCS' custody for the underlying conviction). *See* Dkt. No. 156 at 3. As to the first factor weighing the probative value against the prejudicial effect, the Court notes that although "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully[,]" *Estrada*, 430 F.3d at 617, "all Rule 609(a)(1) felonies are not equally probative of credibility." *Id.* Here, Plaintiff's conviction for burglary and sexual abuse is not necessarily particularly probative as to honesty or

veracity. *See* N.Y. Penal Law § 125.25(3). Turning to the second factor, Plaintiff's conviction occurred approximately twenty-three years ago, which diminishes the probative value of this conviction.

The third factor pertaining to the similarity of the crimes "deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is." *Stephen v. Hanley*, No. 03-CV-6226, 2009 WL 1471180, *5 (E.D.N.Y. May 21, 2009) (citations omitted). Since Plaintiff alleges that he was subjected to excessive force, which was not prevented by others, the crime of conviction is not sufficiently similar to the actions alleged to weigh in favor of exclusion. *See id.*

Finally, the fourth factor, the importance of the credibility of the witness, weighs in favor of admitting the conviction since Plaintiff's credibility is a central issue in this case. *See Ramos v. Trifone*, No. 3:11-cv-679, 2015 WL 6509114, *5 (D. Conn. Oct. 28, 2015).

Based on the totality of the above considerations, the Court finds that the probative value of the fact of Plaintiff's felony conviction, as well as the date and the sentence imposed, outweighs the prejudicial effect. However, the probative value of the name and nature of the conviction is substantially outweighed by the danger of unfair prejudice. Accordingly, evidence as to the date of Plaintiff's felony conviction and the sentence is admissible (including the civil confinement under the Mental Hygiene Law without reference to the specific Article under which the proceedings occurred); the name of the conviction and underlying facts are not. *See Ramos*, 2015 WL 6509114, at *5 (citation omitted); *see also Twitty v. Ashcroft*, No. 3:04-cv-410, 2010 WL 1677757, *3 (D. Conn. Apr. 23, 2010) (compiling cases for proposition that the court retains the discretion to limit evidence of prior conviction to fact that the plaintiff was convicted of a felony and the sentence imposed). As such, Defendants' motion to introduce Plaintiff's prior felony

conviction for impeachment purposes is granted in part and denied in part. For the same reasons, this aspect of Plaintiff's motion is granted in part and denied in part.

D.  **Plaintiff's Civil Confinement**

Defendants refer to the introduction of evidence that Plaintiff is a civilly confined, violent sex offender. *See* Dkt. No. 156 at 4. Defendants state that it is essential that Defendants "be permitted to testify about the environment they work in, their specialized training, and why they took the actions they did in order to gain control of Plaintiff on January 8, 2012, at CNYPC." *Id.* Plaintiff alleges that any reference that he was committed through Article 10 proceedings is prejudicial and irrelevant. *See* Dkt. No. 114 at 11.

At this time, the Court finds that it must reserve on this aspect of the parties' motions. While the Court acknowledges that Defendants must be permitted to refer to the fact that Plaintiff is civilly confined and that they should be permitted to describe the general nature of the environment at CNYPC, the Court is not convinced that referring to Plaintiff as a "violent sex offender" would be appropriate. Accordingly, the Court reserves on this issue and directs that the parties shall appear for argument on this issue on Monday, February 3, 2020, at 9:00 a.m.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion *in limine* (Dkt. No. 156) is **GRANTED in part and RESERVED on in part**;[2] and the Court further

---

[2] Defendants' motion is granted in part only insofar as they seek to introduce evidence of Plaintiff's felony convictions. Such evidence shall be limited to the date of Plaintiff's felony convictions and the sentence imposed.

8

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 114) is **GRANTED in part and RESERVED on in part**;[3] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 30, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] Plaintiff's motion is granted in part only insofar as he seeks to limit the evidence regarding his felony convictions.